NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0845n.06

No. 14-5346

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 12, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| MICHAEL JOHNSON, | ) | TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: COOK and WHITE, Circuit Judges; MICHELSON, District Judge.[*]

PER CURIAM.   Michael Johnson challenges the substantive reasonableness of his above-guidelines sentence.  Johnson pleaded guilty to using unauthorized access devices in violation of 18 U.S.C. § 1029(a)(2).  (R. 68, Judgment at 1, Page ID # 98.)  Between June 2009 and April 2010, Johnson and his co-defendant wife fraudulently obtained and caused to be activated and funded approximately 108 Kroger gift cards, resulting in Kroger's loss of $34,583.88.  (Presentence Report ¶¶ 5, 13.)  Johnson's total offense level of 10 and criminal history category of VI established a guidelines range of 24 to 30 months' imprisonment.  (Id. ¶ 119.)  Granting the government's motion for an upward variance from that range, the district court sentenced Johnson to 54 months' imprisonment followed by three years of supervised

_____

[*] The Honorable Laurie J. Michelson, United States District Judge for the Eastern District of Michigan, sitting by designation.

release and ordered him to pay restitution to Kroger in the amount of $34,583.88. (R. 68, Judgment at 1–6, Page ID # 98–103; R. 74, Sentencing Tr. at 60, 62–64, Page ID # 182, 184–86.)

On appeal, Johnson contends that his sentence is substantively unreasonable because the district court failed to provide a sufficiently compelling justification to impose a sentence 24 months above the high end of the guidelines range. We review the substantive reasonableness of Johnson's sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632–33 (6th Cir. 2010). "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008). If, as in this case, the district court "decides that an outside-Guidelines sentence is warranted," the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "Although a sentence within the Guidelines range is presumed reasonable, a sentence outside the Guidelines range is not presumed unreasonable." *United States v. Elmore*, 743 F.3d 1068, 1072 (6th Cir. 2014) (citation and internal quotation marks omitted). In reviewing Johnson's sentence for substantive reasonableness, we must "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range, . . . but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 51.

The district court concluded that, in this case, an above-guidelines sentence of 54 months' imprisonment was necessary to promote respect for the law, afford adequate deterrence, and protect the public:

> The sentence in this case should be four years and six months . . . because . . . the imperative in this case is to protect the public . . . and to show respect for the law, to show that the law actually means something. In a case like this, it requires an adjustment that gives meaning to the law and achieves the objective of deterrence that achieves the protection of the public that the court is aware the public needs.

(R. 74, Sentencing Tr. at 58–59, Page ID # 180–81.) *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

After he pleaded guilty to the instant offense and while he was on state probation and federal release, Johnson committed at least four thefts from Walgreens stores in which he went behind the front cashier counter during normal business hours, grabbed cartons of cigarettes, and walked out. (Presentence Report ¶ 84; R. 74, Sentencing Tr. at 13–17, Page ID # 135–39.) The district court stated:

> How do you . . . protect the public from somebody who even when they're caught, even when they're on supervision in the state, even when they're on release from the federal system is not in any way slowed down in his propensity to commit criminal acts to obtain things of value which he can exchange for money. Well, that's an exact prescription for the type of person who needs to be incarcerated for as long as can be reasonably considered in our sentencing process.
>
> Now, is it a situation where we should impose a ten-year sentence? Well, probably not. That's probably out of balance, but is it one in which we should impose a sentence that heavily weighs in factor [sic] of protecting the public? Absolutely, absolutely. We need to protect that public from individuals who simply will not be deferred [sic] in their willingness to commit criminal acts, so that suggests a sentence in the five or six-year range might well be the appropriate sentence.

(R. 74, Sentencing Tr. at 54–55, Page ID # 176–77.)

The district court also noted that the guidelines range underrepresented Johnson's extensive criminal history, pointing out that he did not receive any criminal history points for

20 convictions. (*Id*. at 45, 58, Page ID # 167, 180.) The district court specifically commented on Johnson's "aged out" convictions for forged papers (amended to malicious mischief), theft of property, grand larceny, forgery, and assault. (R. 74, Sentencing Tr. at 45–46, Page ID # 167–168.)

Johnson's arguments that the district court failed to provide a sufficiently compelling justification for the upward variance lack merit. The district court did not, as Johnson contends, base the upward variance on the potential for violence involved in the Walgreens thefts. In response to Johnson's argument that he had committed economic crimes, the district court articulated a reasonable distinction between economic crimes and the Walgreens thefts, noting that "these were not crimes of violence, . . . [b]ut if anybody is taking something from a person who is literally standing or sitting next to that person, and that person knows you're not supposed to take it, it is a potential situation for a serious physical confrontation." (*Id*. at 50–51, Page ID # 172–73.) In addressing the need for the sentence to promote respect for the law, the district court did not, as Johnson asserts, limit its discussion to a sentence of time served or probation but also mentioned imprisonment for a "very short period of time," which a guidelines sentence of 24 months would arguably constitute. (*Id*. at 52, Page ID # 174.) In addressing deterrence, the district court stated: "So if you can get $50,000 by engaging in conduct, and if you can get a sentence of a year or maybe a year and a half or two years, . . . you're making more money by stealing money than the average person in the city by a substantial margin, so that's not a disincentive." (*Id*. at 53, Page ID # 175.) Johnson contends that the district court erroneously speculated as to the average income of persons living in Memphis, asserting that the United States Census Bureau reports the median income from 2008 to 2012 as $36,817 per household. Given that the total offense conduct-related loss in this case was $58,710 over a period of

approximately eleven months, Johnson's statistic actually supports rather than refutes the district court's statement. (Presentence Report ¶ 19.) Moreover, the comparison between the total loss involved in the gift cards and the average annual individual income on Memphis was a permissible way to evaluate the deterrence.

Johnson further contends that protection of the public did not constitute a compelling justification for the upward variance in light of the national recognition of the need for sentence reform for nonviolent offenders. But Johnson ignores his extensive criminal history and his continued criminal conduct after his guilty plea in this case. The district court was not unreasonable when it chose to place more weight on these factors in imposing the sentence. In any event, it is clear that the district court's decision was not based on a mistaken formula, but rather an observation that was largely accurate.

Finally, Johnson argues that the district court, in discussing the need to avoid unwarranted sentence disparities, erroneously compared him to two defendants recently sentenced by the district court. However, the district court did not discuss those other defendants in the context of avoiding sentence disparities but in the context of protecting the public. (R. 74, Sentencing Tr. at 59, Page ID # 181.)

The district court did not abuse its discretion in imposing an above-guidelines sentence in light of Johnson's continued criminal activity and his underrepresented criminal history. Accordingly, we **AFFIRM.**